CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 29, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Milton Alonzo White, Jr., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:25-cv-00618 |
| Rose Tyler *et al.*, | ) |
| Defendants. | ) |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff Milton Alonzo White, Jr., a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, complaining about inadequate medical care for his urinary tract. This matter is before the court on White's request that the court issue preliminary injunctive relief to address his claimed medical issues. (Dkt. 2.) For the reason that follows, the court will deny White's motion.

### **I. Background**

On September 2, 2025, White filed a motion requesting preliminary injunctive relief. (Dkt. 2.) Because White alleged that he was suffering from his conditions, the court directed Defendant David Zook, the Warden of the facility housing White, to respond to these allegations on an expedited basis. (Dkt. 4.) Defendant did so. (Dkt. 5.) White then was given an opportunity to reply (Dkt. 6), but no reply has been received by the deadline.

## II. Standard of Review

A plaintiff seeking a preliminary injunction must demonstrate (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20. The court must separately consider each *Winter* factor to grant injunctive relief. *Di Biase*, 872 F.3d at 230. A failure to establish one factor, however, warrants the denial of relief. *Am. Fed'n of Tchrs.*, 2025 WL 2313244, at *3 (noting that denying a preliminary injunction only takes the rejection of a single factor). As the Fourth Circuit recently summarized, "[p]laintiffs seeking a preliminary injunction thus face an inherently uneven playing field." *Id.*

To satisfy the first factor, "[a] plaintiff need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." *Di Biase,* 872 F.3d at 230 (internal quotation marks omitted). To satisfy the second, "a plaintiff must demonstrate more than just a possibility of irreparable harm." *Id.* (internal quotation marks omitted). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). The third and fourth factors "merge" where, as here, the Government is the opposing party. *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits. *See Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013). By contrast, mandatory injunctive relief such as that sought by White here "goes well

beyond simply maintaining the status quo *pendente lite*, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Taylor v. Freeman*, 34 F.3d 266, 270 n.2 (4th Cir. 1994) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)). A mandatory injunction is warranted in only the most extraordinary circumstances. *Id.* at 270 (citing *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980)). Further, "[i]t is well established that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Id.* at 268; *see also Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982) ("[J]udicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.").

### III. Analysis

Based on the court's review of the relevant filings, the court finds that injunctive relief should not be granted at this time. Based on the Defendant's response to the motion for injunctive relief, which was supported by extensive documentation of White's medical records, White has received consistent care for his claimed condition and the record provided, to date, does not indicate that Defendants have been deliberately indifferent to any serious medical need. (*See* Dkts. 5, 5-1.) White recently was transported for outside medical testing in August, 2025, which revealed no conditions that needed to be treated. As summarized by Defendant Zook in his response to the motion:

> Over a two-year period Plaintiff's primary care physicians saw him approximately 32 times; they have ordered multiple diagnostic tests, including numerous urinalysis tests, X-rays, ultrasound, CT scans, and multiple tests for herpes and venereal disease; and they referred him to an outside specialist whom

Plaintiff saw on August 19, 2025.

(Dkt. 5 at 1.) None of these efforts revealed any pathologies or physical abnormalities. Based on this record, the court does not find a sufficient likelihood of success to warrant preliminary injunctive relief.

### IV. Conclusion

For the reason outlined above, the court **DENIES** White's request for preliminary injunctive relief. (Dkt. 2.) Based on the consent to collection of fees form received from White, (Dkt. 9), the court will proceed to serve this action upon the Defendants who have not yet appeared.

The Clerk is **DIRECTED t**o send a copy of this Memorandum Opinion and Order to White.

**ENTERED** this 29th day of October, 2025.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE